48 F.3d 1216
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 GIBEN AMERICA, INCORPORATED, Plaintiff-Appellant,
v.
SCHELLING AMERICA, INCORPORATED; Werner DEURING,
individually, Defendants-Appellees.
 No. 94-1939.
 United States Court of Appeals, Fourth Circuit.
 Argued: January 31, 1995.
Decided: March 10, 1995.
 
 ARGUED: Richard Ray Thomas, VENEMA, THOMAS & DOHERTY, Atlanta, GA, for Appellant. Mark Stanton Thomas, Michael Keith Kapp, MAUPIN, TAYLOR, ELLIS & ADAMS, P.A., Raleigh, NC, for Appellees. ON BRIEF: Peter J. Quist, VENEMA, THOMAS & DOHERTY, Atlanta, GA; James L. Gale, SMITH, HELMS, MULLISS & MOORE, Raleigh, NC, for Appellant. Richard N. Cook, MAUPIN, TAYLOR, ELLIS & ADAMS, P.A., Raleigh, NC, for Appellees.
 Before HALL and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Giben America ("Giben") is a wholly-owned subsidiary of Giben Impianti SpA, an Italian corporation. Giben Impianti SpA designs and manufactures high tech panel saws, and Giben sells this machinery in North America. Appellee Schelling America ("Schelling") sells similar machinery manufactured by Schelling & Co., an Austrian company, in the United States. Giben and Schelling are direct competitors.
 
 
 2
 In May, 1993, Homecrest Corporation ("Homecrest"), contracted to buy a panel saw from Giben. At a trade show in Germany, and before the panel saw was delivered to Homecrest, Werner Duering, an employee of Schelling, told a Homecrest representative that the saw was in violation of Schelling's patent in the United States.
 
 
 3
 In June, 1993, Deuring sent a letter to Homecrest stating that the saw was in violation of a Schelling patent, that claims were being pursued against Giben Impianti SpA in Austria and Germany, and that legal proceedings had been instigated in Italy. In reality, Schelling did not have a valid United States patent on the saw, and actual legal proceedings were not pending. As soon as Deuring learned that there was no patent, he informed Homecrest.
 
 
 4
 Homecrest did not breach the contract with Giben. It received and paid for the saw as agreed. Giben did not allege any lost profits, but instead claimed that Homecrest no longer trusted Giben and was less likely to deal with Giben in the future.
 
 
 5
 Giben brought this action against Schelling and Deuring, claiming (1) attempted monopolization in violation of the Sherman Act, (2) unfair competition in violation of the Lanham Act, (3) common law libel and slander, and (4) common law tortious interference with contractual and business relations.
 
 
 6
 Schelling moved for summary judgment on the libel and slander claim and moved to dismiss the remaining actions for failure to state a claim. In granting the motion for summary judgment, the district court found that there was no evidence that Giben suffered any actual, compensatory, or pecuniary damage and that Giben could offer no evidence to overcome Schelling's assertion of a qualified privilege.
 
 
 7
 In a separate order granting the motion to dismiss, the district court found that Giben alleged neither a causal antitrust injury nor a dangerous probability that Schelling would achieve a monopoly, and therefore dismissed the claim under the Sherman Act. In dismissing the claim under the Lanham Act, the court found that Giben failed to allege actual deception or misrepresentation by Schelling of the nature, characteristics, qualities, or geographic origin of any goods. The court also dismissed the claim for tortious interference with contractual relations, finding that Giben failed to allege actual pecuniary damage. Giben moved to amend its complaint, and the court denied the motion.
 
 
 8
 We have reviewed the record and considered carefully the arguments of counsel for the parties. For the reasons stated by the district court, we affirm.
 
 AFFIRMED